IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THE SCHOOL OF THE OZARKS, INC. d/b/a COLLEGE OF THE OZARKS, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 10-3499-CV-S-ODS<br>) |
| THE GREATEST GENERATIONS FOUNDATION, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

<u>ORDER AND OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO STRIKE</u>

Pending is Plaintiff's Motion to Strike, which seeks to strike the affirmative defenses alleged in Defendant's Answer. For the following reasons, the motion (Doc. # 13) is granted in part and denied in part.

I. Introduction

A motion to strike may be used for a variety of purposes, including (as is the case here) to test the sufficiency of a defense. <u>E.g.</u>, <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir. 1977). In this regard, the parties disagree as to whether the pleading requirements set forth in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>m, 550 U.S. 544 (2007), apply to affirmative defenses. The Circuit Courts also have not addressed this issue, and the District Courts have fallen into two camps. One group of District Courts has ruled that the heightened pleading standard does not apply to affirmative defenses, but a majority of the District Courts have decided that *Iqbal* applies to affirmative defenses. See *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649-650 (D. Kan. 2009) (citing cases). As the *Hayne* court stated:

> It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggesting of possibility that it may apply to the case.

*Id.* at 650. The undersigned has previously held that it is persuaded by the reasoning that it would be inequitable to have different pleading standards for the parties, and Defendant has not offered any arguments that persuade the undersigned that it should hold otherwise here. Defendant contends the strict time constraints for filing an Answer preclude the investigation necessary to be sure whether or what facts exist to satisfy Iqbal's and Twombly's standard, but the Court has previously found this argument unpersuasive because the Federal Rules of Civil Procedure provide for this situation by allowing parties to amend their pleadings "when justice so requires." Fed.R.Civ.P. 15(a)(2).

Under Iqbal and Twombly, specific facts are not necessary; however, the pleading must provide fair notice of what the defense is and the ground upon which it rests. Twombly, 550 U.S. at 555. It must contain sufficient factual matter to demonstrate the defense is plausible on its face; that is, it must create a reasonable inference that the plaintiff is subject to the defense in question. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. Merely listing affirmative defenses is insufficient: "they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to" a defense. Id. at 1950.

## II. The Affirmative Defenses

### *1. Failure to State a Claim*

Alleging Plaintiff has failed to state a claim for relief does not depend on facts: it depends on an analysis of the Complaint. Therefore, no facts are really called for by Iqbal and Twombly. Of course, the bare assertion that Plaintiff has not stated a claim will not garner any relief for Defendant; a motion will be required. Accordingly, leaving

the defense in place does neither party any harm (or any good).  The Court will take no action.

## 2.  Lack of Subject Matter Jurisdiction

This defense is struck.  Contrary to Defendant's assertion, lack of subject matter jurisdiction cannot be waived, so the failure to include it as an affirmative defense would be of no effect.  More importantly, if Defendant truly believes the Court lacks jurisdiction, a motion to that effect should be filed instead of simply claiming, in the second of nineteen affirmative defenses, that "Plaintiff's claims are barred by lack of subject-matter jurisdiction."  In fact, having raised the possibility that the Court lacks jurisdiction, Defendant is ordered to file a motion to dismiss that explains its theory that the Court lacks jurisdiction.  The motion shall be filed in twenty-one days.

## 3.  No Contract Exists

Plaintiff describes this defense as merely repeating the denials of liability contained in the Answer.  Plaintiff is probably correct: the affirmative defense is not necessary, and adds nothing to Defendant's denials.  On the other hand, the affirmative defense does not harm anything.  While no facts are alleged, the Court does not know what facts can be alleged to demonstrate a contract does not exist.  Under the circumstances, the Court will apply the law of inertia and do nothing.

## 4.  Judicial Estoppel

The Court concludes this defense has been adequately plead, and declines to strike it.  Plaintiff's arguments largely address Defendant's ability to prove the defense, but such matters cannot be raised in a Motion to Strike.

## 5-11, 13-15, 17.  Various Defenses

Defenses five through eleven simply list the names of defenses. There are no factual allegations contained. These defense were not adequately plead as required by Iqbal and Twombly, and the motion to strike them is granted.

Some of these defenses refer, without elaboration, to "the misconduct of College staff member Fred Mullinax during the Italy trip." While these present a closer question, the Court holds that something more than a vague reference to "misconduct" is required.

Plaintiff has challenged some of these defenses on alternative grounds, contending they are not legally cognizable. The Court declines to consider these arguments because, in large measure, Plaintiff has not provided sufficient legal discussion to enable consideration of the issues. The Court observes, however, that many of these defenses are duplicative in that they invoke essentially the same legal principle under a variety of different legal titles from a variety of jurisdictions. It would be wise for Defendant to pick the legal doctrine that is recognized by the law governing the parties' contract, and not invoke the same concept under every title ever recognized throughout the entire American legal system.

## 12. Lack of Consideration

The Court's ruling is the same is it was for the third affirmative defense.

## 16. Failure to Mitigate

Plaintiff makes no specific arguments regarding this defense, so it will remain.

## 18. Reduction for Special Circumstances

This defense would have been included in the "Various Defenses" discussed earlier, but more legal discussion of this one has been provided. The Court concludes this is not a defense to a contract action. The case upon which Defendant relies involves an award of attorney fees under the Equal Access to Justice Act, not a contract claim. The defense is not legally cognizable, and the motion to strike it is granted.

*19. Frivolous, Groundless, and Vexatious Claim*

As explained by Defendant, this is not even an affirmative defense. The motion to strike is granted.

### III. Conclusion

The Court fervently hopes that Plaintiff's motion, and the parties' arguments in support of their positions, does not portend a breakdown of civility. While there is some cause for concern, the Court will say nothing further at this juncture.

Consistent with the Court's discussion, Affirmative Defenses 2, 5-11, 13-15, and 17-19 are struck. Defendant is free to seek leave to amend the pleadings in order to assert these or any other defenses it believes are supported by the law and facts.

On or before April 28, 2011, Defendant shall file a Motion to Dismiss, setting forth its argument that the Court lacks subject matter jurisdiction.

IT IS SO ORDERED.

DATE: April 7, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT